John D. Bennett, J.
' By appeal and cross appeal the court is asked to review its order dated October 5, 1966 fixing the New York net estate tax. The executors contend that the Tax Commission improperly denied a credit of $11,090.97 for tax which had been paid before with respect to the transfer of property of the decedent from her husband who had died a resident of this county on July 26, 1957. This decedent died on July 12, 1963.
The State Tax Commission cross-appeals upon the grounds that the Federal taxable estate and the New York taxable estate reported are not in agreement, the difference being $49,012.50. The commission objects to a deduction of $4,012.50 in the New York return claimed for tangible property having situs outside New York State, but actually representing an intangible asset reported in the Federal return under the schedule listing mortgages, notes or cash. It would seem from the briefs filed that the executors have since conceded that the $4,012.50 asset should be included in the New York gross estate. The balance of the difference, or $45,000, will be considered later in this decision.
Considering first the appeal taken by the executors, they refer to section 959 of the Tax Law as authorizing a credit against the tax in this estate by reason of a transfer from the decedent’s husband which had previously been taxed. They argue, with some force, that “ [s]uch credit [should] be determined in the same manner as the federal credit for federal estate tax on prior transfers under section two thousand thirteen of the internal revenue code ” as is provided in subdivision (a) of said section 959. They assert that section 2013 of the Internal Revenue Code allows a 60% tax credit where death of the transferee occurs within six years after the death of the transferor.
The court has given careful consideration to this question and observes that the new law which became section 959 was designed to “ provide relief for estates of decedents who inherited property which was subject to a prior New York estate tax within the preceding ten years ’ ’ and to 1 ‘ mitigate the impact of multiple estate taxes where two or more deaths occur within a family during a few years.” This purpose was stated in the memorandum report submitted to the Legislature in 1962 by the State Department of Taxation and Finance which recommended the proposed revision of the estate tax laws. (Reported in McKinney’s 1962 Session Laws of N. Y., vol. 2, pp. 3538, 3541.) This was designed to coincide with the credit allowed by the Federal Government for property which had been subjected to a prior Federal estate tax.
*183 While it was the general intent of this law to provide relief, the court must rule that in this case the credit cannot be allowed because of the specific language in subdivision (a) of section 959 which permits the credit to be taken only against 11 any estate tax imposed by this article which is paid with respect to the transfer of property * * * to the decedent by or from a person who died within ten years before * # * the decedent’s death.” (Italics supplied.)
Undoubtedly the Legislature might have been more explicit, but apparently considered that the words italicized above, referring to article 26, would exclude any credit in the second estate for taxes assessed in the earlier estate under article KLC. As a matter of fact, the memorandum report aforementioned also recommended the adoption of that language to “ reduce whatever revenue loss may be involved ” by applying “the new credit * * * only to a prior New York estate tax imposed under the new statute (Article 26), no credit being allowed for any tax levied under the existing estate tax law (Article 10-C) ” (McKinney’s, supra, at pp. 3541, 3548).
Further support for this interpretation is found in subdivision (b) of section 959 which provides that, “ (f)or the purposes of subsection (a) of this section, all references in section two thousand thirteen of the internal revenue code * * * to the federal estate tax * * * shall be read as references to the New York estate tax imposed by this article ” (italics supplied).
The express wording of section 959 therefore appears to show the intent of the Legislature that any such credits granted would not carry back to include taxes assessed before the adoption of the new law which became effective April 1, 1963.
The item of $45,000 above mentioned results from the claim by the executors that the said amount should be allowed as a charitable deduction in determining the New York estate tax on this estate. It appears that by his will probated in this court the decedent’s husband created a trust of the residue and remainder of his estate for the benefit of his widow, after providing for certain specific gifts to her. The trustees thereunder were directed to pay and distribute the principal in such manner, free of the trust, as she might appoint by her last will and testament or, in default of such appointment, his will made provision for payment and distribution of the principal in certain proportions to various legatees, including 10 charitable institutions to whom he bequeathed an aggregate sum of $45,000.
It further appears from the briefs submitted and the files of this court that the widow not only did not exercise her said *184 power of appointment but specifically declared in her will that she neither desired nor intended to exercise any such power of appointment under the will of her deceased husband. Accordingly, as directed by the husband’s earlier will, the charitable bequests of $45,000 were paid out of the husband’s estate by the trustees thereof.
It so happened that the Federal authorities allowed a tax deduction in the husband’s estate for the charitable bequests even though they had not at that time been paid, apparently on the theory that they would eventually be paid out of the husband’s assets, either under or without the exercise of the power contained in her will.
No claim was ever made before this court in the husband’s estate for a tax credit-for these charitable bequests and the order fixing tax thereon was made on October 20,1959. The tax so fixed was paid and no appeal was taken therefrom. Moreover, as pointed out by the attorney for the Tax Commission, the tax schedules in the husband’s estate expressly disclaimed any such credit.
The executors here contend that it would be inequitable to deny the charitable deduction credit to the widow’s estate in 1967 because the Federal and New York estate tax rules in 1957 and 1959 were not co-ordinated. This argument is not well founded since the tax credits, if any were due, would apply only to the husband’s estate out of which the legacies were paid, and the court has not been asked to reopen and to review the order therein made on October 20,1959.