Lawrence E. Kahn, S.
Petitioner instituted ¡this proceeding by an order to show ¡cause. Although ¡such proceedings'are more commonly instituted by notice of motion, this court has jurisdiction in this matter and will entertain the petition before the court.
The only issue before this court is whether a credit is to be allowed for a tax paid on the estate of Mrs. Catherine M. Losee, the mother of the decedent herein, Miss Catherine M. Losee.
*1019 The question revolves around the interpretation which is to be given to subdivision (a) of section 959 of the New York State Tax Law which permits a tax credit. This section states that “ A credit shall be allowed against the tax imposed by subsection (a) of ¡section nine hundred, fifty-two as reduced by the credit under section nine hundred fifty-eight, for any estate tax imposed by this article which is paid with respect to the transfer of property * * * to the decedent by or from a person who died within ten years before, or within two years after, the decedent’s death.” It further ¡states that such credit .shall be determined in the same manner as the Federal credit for Federal estate tax under .section 2013 of the Internal Revenue Code (U. S. Code, tit. 26).
It is not open to question that an estate tax was paid in the estate of Mrs. Catherine M. Losee, the prior decedent. The New York State Tax Commission, however, states that such a credit should not be allowed for the estate tax paid on the estate of Mrs. Catherine M. Losee in that the .tax was never fixed by a Surrogate Court order, but rather was paid on the basis of Form TT-102. This form is an affidavit which ¡sets forth detailed information concerning the estate, its assets, gifts, business interests, funeral expenses and persons entitled to share in the estate. This is an informal procedure which the State Tax Commission may accept in lieu of obtaining from the Surrogate an order fixing the estate tax. Such a form, when executed, permits the transfer of assets through waivers where no probate or administration proceeding is contemplated. Such a practice is commonly and widely used .though not specifically authorized by statute. With such a proceeding, a temporary receipt is issued and the matter remains open with the tax commission. This therefore is the present status of the estate of Mrs. Catherine M. Losee.
Under section 959 of the New York State Tax Law, there is no language requiring that the tax of the prior estate must be fixed by Surrogate 'Court in order to qualify for credit. The tax commission maintains that such has been their consistent administrative practice for several years. It further states that TT-190, which is the application form for ¡the tax credit, provides in its instructions that “ The tax in the estate of the transferor must have been fixed by the .Surrogate’s order and paid.”
Section 962 of the Tax Law does authorize the tax commission to prescribe rules and regulations with respect to the administration of article 26. If a procedure to obtain credit for tax on *1020 a prior transfer were embodied in the rules and regulations of the tax commission, this court could hold that such a procedure must be followed to obtain the credit. However, such is not the case in that no such rule or regulation exists in the rules governing tax commission practice. iSuch rules must be published with the 'Secretary of State in order for them to have such effect of law. The mere statement of a form that such an order is required cannot prevail .against the mandate of the statute. In fact, in the next paragraph of the instructions, the TT-190 form .states that “It is sufficient for allowance of the credit that the transfer was subjected to New York Estate Tax under Article 26 in the estate of the transferor and that the specified period of time has not elapsed. ’ ’
The imposition of the tax in the prior estate here was done under the 'guidelines of section 952, which provides for rate of taxation. The regulations under section 2013 (20.2013.1(a)) of Internal Revenue Code (IRC) also provide that the only basic fact which has to be established to support the claim for credit is that the present decedent received property from the prior decedent which was subjected to tax in the prior decedent’s death.
In the present case, an estate tax was paid on the prior estate in the form of a recognized informal tax proceeding. Such tax was actually paid and as a result the present estate is entitled to a credit as permitted by section 959. This statute was enacted ‘ ‘ to provide relief for estates of decedents who inherited property which was subject to a prior New York estate tax within the preceding ten years ” and to “ mitigate the impact of multiple estate faxes where two or more deaths occur within a family during a few years.” (Matter of Ermak, 54 Misc 2d 181.) In fact, this case notes that this quotation of purpose was contained in the memorandum report submitted to the Legislature in 1962 by the ¡State Department of Taxation 'and Finance which recommended the proposed .revision of estate tax laws. .(Reported in McKinney’s 1962 Session Laws of N. Y., vol. 2, pp. 3538, 3541.) This court feels that the purpose and intent of the statute cannot be nullified by an unwritten administrative policy of the tax commission which has no legislative sanction. Nor will this court require petitioner to institute a f ormal State tax proceeding in the prior estate in order to qualify for the tax credit.
Accordingly, the credit claimed in the estate of Catherine M. Losee is hereby allowed.